**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

JACQUELINE LUMPKIN                              CIVIL ACTION

VERSUS                                                       NO:    18-06644

CITY HALL, ET AL                                        SECTION: "G" (4)

## REPORT AND RECOMMENDATION

The Plaintiff, Jacqueline Lumpkin, a/k/a Gift of Prophecy, submitted the captioned Title 42 U.S.C. § 2000e civil rights complaint against Defendants, an unidentified Walmart in Little Rock, Arkansas, the Equal Employment Opportunity Commission, and an unidentified "City Hall." Rec. Doc. 1. The complaint appears to allege that Defendants stole $40,000,000 from Ms. Lumpkin, discriminated against her on the basis of gender and race, and harassed her in a variety of ways. *Id.* The matter was referred to the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(b) and Local Rule 73.2(B), for the submission of Proposed Findings and Recommendations.

The complaint in the instant matter was filed on July 12, 2018. Rec. Doc. 1. On July 16, 2018, the Clerk of Court mailed Ms. Lumpkin a notice that her complaint is deficient.[1] Rec. Doc. 3. Ms. Lumpkin was given until August 6, 2018 to cure the deficiency. *Id.* The envelope containing the notice has not been returned as undeliverable, and Ms. Lumpkin never took action to cure the deficiency.

On October 1, 2018, the Court ordered Ms. Lumpkin to show cause in writing on or before October 23, 2018 as to why the action should not be dismissed for failure to prosecute under Fed.

---

[1] 28 U.S.C. § 1654 precludes a company, corporation or LLC from appearing through a lay person. A company, corporation, or LLC must be represented by an attorney qualified to practice before the Court. The Clerk of Court noted that Ms. Lumpkin filed this action on behalf of J & J Cleaning Services, which she allegedly owns, and that the complaint is therefore deficient.

R. Civ. P. 41(b), and to explain why she has failed to cure the longstanding deficiency in her complaint. Rec. Doc. 4. As of October 26, 2018, Ms. Lumpkin has not submitted any response to the Court's order nor has she cured the deficiency.

Accordingly,

**IT IS RECOMMENDED** that Jacqueline Lumpkin's action against Defendants be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[2]

New Orleans, Louisiana, this 26th day of October 2018.

_____

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[2]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.